John P. Aldrich, Esq.
Nevada Bar No. 6877
**ALDRICH LAW FIRM, LTD.**
1601 S. Rainbow Blvd., Suite 160
Las Vegas, NV 89146
Tel (702) 853-5490
Fax (702) 227-1975
jaldrich@aldrichlawfirm.com
*Attorneys for Plaintiff*

*[Additional counsel on signature page]*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA – RENO DIVISION**

| | |
|---|---|
| JOHN D. LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>KLONDEX MINES LTD., RODNEY COOPER, MARK DANIEL, JAMIE HAGGARTY, RICHARD J. HALL, PAUL ANDRE HUET, WILLIAM MATLACK, CHARLES OLIVER, BLAIR SCHULTZ,<br><br>Defendants. | Civil Action No. _____<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff John D. Lawson ("Plaintiff"), by his attorneys, alleges upon information and belief, except for his own acts, which are alleged on knowledge, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. Plaintiff, a stockholder of Klondex Mines Ltd. ("Klondex" or the "Company"), brings this action individually against the members of Klondex's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15.U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rules 14a-9, 17 C.F.R. 240.14a-9, 17 C.F.R. § 244.100, and 17 C.F.R. § 229.1015(b)(4), arising out of the proposed merger between the

Company, Hecla Mining Company ("Hecla") and 1156291 B.C. Unlimited Liability Company ("Merger Sub").

2. On March 19, 2018, Hecla and the Company announced they had entered into an Agreement and Plan of Merger ("Merger Agreement"), by which Hecla, through its wholly owned subsidiary, Merger Sub, will acquire all of the outstanding shares of Klondex in a cash and stock transaction in which Klondex stockholders will receive their choice of $2.47 in cash, or 0.6272 of a Hecla share, or $0.8411 in cash and 0.4136 of a Hecla share for each share of Klondex common stock, subject to proration (the "Proposed Transaction"). Klondex will also receive shares in a new company formed to hold Klondex's Canadian assets, including mines that will be spun-off from the Company as part of the Proposed Transaction. The Proposed Transaction has an equity value of approximately $462 million.

3. On July 26, 2018, Klondex filed a Preliminary Proxy Statement on a Schedule 14A with the SEC. On June 12, 2018, Klondex filed a Definitive Proxy Statement (the "Proxy"), announcing that the Klondex shareholder meeting to vote on the Proposed Transaction would be held on July 12, 2018. The Proxy is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding (i) the financial projections for the Company, and Hecla, which were prepared by Company management and/or relied upon by GMP Securities, L.P. ("GMP"), INFOR Financial, Inc. ("INFOR"), and Maxit Capital ("Maxit"), the Company's financial advisors, and (ii) the financial analysis performed by GMP, INFOR, and Maxit to support their opinions on the fairness of the Proposed Transaction.

4. Without additional information the Proxy is materially misleading in violation of federal securities laws.

5. By unanimously approving the Proposed Transaction and authorizing the issuance of the Proxy, the Individual Defendants participated in the solicitation even though they knew, or should have known, that the Proxy was materially false and/or misleading. The Proxy is an

essential link in accomplishing, and receiving stockholder approval for, the Proposed Transaction.

6. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to Klondex's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

8. Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

9. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) the conduct at issue took place and had an effect in this District; (ii) Klondex maintains its primary place of business in this District; (iii) a substantial portion of the transactions and wrongs complained of herein, including Defendants' primary participation in the wrongful acts detailed herein, occurred in this District; and (iv) Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

/ / /

**PARTIES AND RELEVANT NON-PARTIES**

10. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Klondex.

11. Klondex is organized and existing under the laws of the Canadian Province of British Columbia. It maintains principal place of business in the United States at 6110 Plumas Street, Suite A, Reno, Nevada, 89519. Klondex's common stock is listed on the New York Stock Exchange under the ticker symbol "KLDX."

12. Defendant Rodney Cooper has served as a director of the company since 2012.

13. Defendant Mark Daniel has served as a director of the Company since 2015.

14. Defendant Richard J. Hall ("Hall") has served as a director of the Company since 2014 and is the Chairman of the Board.

15. Defendant Jamie Haggarty has served as a director of the Company since 2012.

16. Defendant Paul Andre Huet ("Huet") has served as a director and the Chief Executive Officer of the Company since 2012.

17. Defendant William Matlack has served as a director of the Company since 2012.

18. Defendant Charles Oliver has served as a director of the Company since 2015.

19. Defendant Blair Schultz has served as a director of the Company since 2012.

20. Defendants referenced in ¶¶ 12 through 19 are collectively referred to as the "Individual Defendants" or the "Board."

21. Relevant non-party Hecla is a corporation organized under the laws of the State of Delaware. Hecla has its principal place of business at 6500 North Mineral Drive, Suite 200, Coeur d'Alene, Idaho, 83815.an affiliate of the certain funds ("Apollo Funds") that are managed by Apollo. Parent was created solely for the purposes of effectuating the Proposed Transaction. Parent's principle executive offices are located at 9 West 57th Street, 43rd Floor, New York, New York, 10019.

- 4 -
CLASS ACTION COMPLAINT

22.     Relevant non-party Merger Sub is a wholly-owned subsidiary of Hecla and organized under the laws of the Province of British Columbia. Merger Sub was created solely for the purpose of effectuating the Proposed Transaction.

**FURTHER SUBSTANTIVE ALLEGATIONS**

*Company Background and the Proposed Transaction*

23.     Klondex, founded in 1975, conducts exploration and mining operations throughout North America.  Currently operating two of the highest grade gold mines in operation today, Klondex produced 107,861 gold equivalent ounces in 2014.  The Company has 100% ownership interests in four mines in Nevada, as well as a 100% interest in the True North gold mine and mill in Manitoba, Canada.

24.     On March 19, 2018, Hecla and Klondex issued a joint press release announcing the Proposed Transaction, reading in relevant part:

> Hecla Mining Company (NYSE: HL) (Hecla) and Klondex Mines Ltd. (NYSE: KLDX) today announced Hecla will acquire all the outstanding shares of Klondex, a high-grade Nevada underground gold producer with its Fire Creek, Midas and Hollister mines, through a plan of arrangement (the Transaction). Klondex's Canadian assets will be spun out to its existing shareholders.
>
> Under the Transaction, Hecla will acquire Klondex for consideration of US$462 million with a mix of cash and shares of Hecla common stock and the newly formed company (Klondex Canada). Klondex's shareholders will receive US$2.47 per share in cash or shares of Hecla, which represents a 59% premium to Klondex's 30-day volume-weighted average price, as at March 16, 2018, on the NYSE American.
>
> "Opportunities to acquire significant land packages along Nevada's prolific gold trends are very rare. Rarer still are for these land packages to have the highest grade mines in the U.S. and this transaction is consistent with Hecla's strategy of owning large prospective land packages with mines where we can improve costs, grow reserves and expand production," said Phillips S. Baker, Jr., Hecla's President and CEO. "We structured the deal to use our excess cash balances so our shareholders can benefit from the approximately 162,000 gold equivalent ounces a year of production while minimizing dilution."
>
> Mr. Baker continued, "One of our core strengths is operating high-grade, narrow-vein underground mines, and Klondex's three operating mines – Fire

Creek, Midas and Hollister – are some of the highest-grade gold mines in the world. After extensive due diligence, we see significant opportunity to improve costs, throughput and recoveries over time with our expertise. The combined approximately 110 square mile land position offers the opportunity to make discoveries and grow the reserve base as we improve our knowledge of the geology, something we have done at our other operations. We expect this transaction to be accretive on many important financial and credit metrics, with potentially significant synergies. We are pleased that two significant Klondex shareholders have committed to support this transaction, and look forward to welcoming other Klondex shareholders to our company."

"This transaction is an excellent outcome for Klondex and our shareholders, delivering premium value and a clear pathway to develop and optimize the Nevada mining assets and create further value in the future," said Paul Huet, Klondex's President and CEO. "Hecla has a proven track record of developing and optimizing mining assets such as ours, and has a strong balance sheet that should help Fire Creek and our other properties reach their full potential. Hecla operates a diverse portfolio of some of the highest-grade mines in the world, and the addition of our assets strengthens the portfolio further. We are delighted to enter into this agreement and the Klondex board unanimously recommends that Klondex shareholders vote in favour of this transaction."

**A Further Transformation of Hecla**

- **Seven large land positions located in Alaska, Quebec, Nevada, Mexico and Idaho** – Some of the safest and most prolific mining jurisdictions in the world.
- **Proven operational excellence to be leveraged across expanded portfolio of high-grade mines** – Hecla has an extensive track record of optimizing acquired assets as demonstrated at Casa Berardi and Greens Creek. Hecla's expertise in narrow-vein mining and mill optimization will be applied to the acquisitions to improve the operational consistency and enhance the value of the expanded portfolio.
- **Well capitalized pro-forma company with strong cash flow and solid balance sheet** – Hecla expects to improve financial metrics with the Nevada mines' cash flow.
- **Significant production base with highly prospective growth opportunities and cost reductions** – Adds about 162,000 oz of annual gold equivalent production. Hecla will launch a significant exploration program at Fire Creek and at the prospective Hatter Graben discovery at Hollister.
- **Increased precious metals production** – Peer group leading pro-forma production profile amongst intermediate precious metal producers of 762koz AuEq (2017A) or 54.1moz AgEq and commodity distribution of 30% Ag, 50% Au, 15% Zn and 5% Pb (by revenue).

**Benefits to Hecla Shareholders**

- Adds significant land position with extensive exploration and development potential, and production in Nevada, one of the most prolific gold mining jurisdictions in the world.
- Increases pro-forma 2017 annual production by 27%, equating to 162koz on a gold equivalent basis or 11.5 million ounces on a silver equivalent basis.
- Fire Creek is a cornerstone producing asset with robust cash flows and significant opportunities for exploration, mine life expansion, and increased throughput.
- The Transaction is structured to minimize dilution and is expected to be accretive on most important financial and operating metrics.
- Allows Hecla the opportunity to capture meaningful synergies.
- Further increases the grade of one of the highest-grade asset portfolios in the industry.
- Klondex's assets leverage Hecla's core competency in narrow-vein underground mining.

**Benefits to Klondex Shareholders**

- Immediate and significant premium of approximately 59% based on the 30-day volume weighted average price and approximately 72% based on closing prices on March 16, 2018, with ongoing participation in upside through Hecla shares and through Klondex Canada shares.
- Superior financial strength and flexibility to support critical development and exploration programs for Klondex's assets.
- Hecla is well capitalized, with a lower cost of capital, making possible critical development and exploration programs for Klondex's assets.
- Proven track record of successfully acquiring and optimizing underground assets.
- Superior investment with enhanced liquidity and a far more diversified production and financial base.
- Hecla has extensive experience operating efficient underground mines for over 125 years.
- Ownership in Klondex Canada, a gold company created to leverage Klondex's exploration expertise and significant mining infrastructure assets in Canada.

**Klondex Canada**

Klondex is pleased to be forming Klondex Canada. Certain members of Klondex's board and management team will continue on at Klondex Canada. Hecla will subscribe for US$7.0 million of common shares of New Klondex in exchange for a 13.46% equity interest, based on a pre-investment Klondex Canada valuation of US$45 million. Klondex Canada intends to make an application to list its shares on the TSX-V.

**Terms of the Transaction**

Klondex shareholders may elect to receive either US$2.47 in cash (Cash Alternative) or 0.6272 of a Hecla share (Share Alternative), each full Hecla share being currently valued at US$3.94, subject in each case to pro-ration based on a maximum cash consideration of US$157.4 million and a maximum number of Hecla shares issued of 77.4 million. If all Klondex shareholders elect either the Cash Alternative or the Share Alternative, each Klondex shareholder would be entitled to receive US$0.8411 in cash and 0.4136 Hecla shares. Klondex shareholders may also elect to receive US$0.8411 in cash and 0.4136 of a Hecla share and Klondex shareholders who fail to make an election will automatically receive US$0.8411 in cash and 0.4136 of a Hecla share. Klondex shareholders will also receive shares of a newly formed company (Klondex Canada) which will hold Klondex's Canadian assets, including the True North and Bison Gold Resources properties.

At closing existing Hecla and Klondex shareholders will own approximately 83.8% and 16.2% of Hecla's outstanding common stock, respectively.

**Major Shareholder Support**

CI Investments Inc. and Sentry Investments Inc., which together hold approximately 42.5 million shares of Klondex, representing approximately 23.7% of Klondex's issued and outstanding shares, have entered into support agreements with Hecla, agreeing to vote their Klondex shares in favour of the Transaction. Each of Klondex's directors and officers have also entered into an agreement to support the Transaction and the Board of Directors of Klondex has unanimously recommended that Klondex's affected securityholders vote in favour of the transaction.

**Board of Directors' Recommendations**

The Transaction has been unanimously approved by the Board of Directors of each of Klondex and Hecla. The Board of Directors of Klondex unanimously recommends that Klondex's affected securityholders vote in favour of the Transaction.

GMP Securities L.P. and INFOR Financial Inc. have each acted as financial advisors to Klondex with GMP Securities L.P. and Maxit Capital LP having provided fairness opinions to the Board of Directors of Klondex and the Independent Committee of the Board of Directors of Klondex, respectively. CIBC World Markets Inc. and J.P. Morgan have each acted as advisors to the Board of Directors of Hecla and have provided fairness opinions to Hecla's Board of Directors.

Each of the directors and senior officers of Klondex, who as of the date hereof, collectively hold approximately 1.7% of Klondex's issued and outstanding common shares have entered into agreements to support the Transaction.

**Transaction Conditions and Timing**

The Transaction will be implemented by way of a Court-approved plan of arrangement under the Business Corporations Act (British Columbia) and will require the approval of: (i) 66 2/3% of the votes cast by the holders of Klondex's common shares, (ii) 66 2/3% of the votes cast by the affected

securityholders of Klondex voting as a single class, and (iii) if applicable, a majority of the votes cast by the holders of Klondex's common shares after excluding any votes of Hecla and other persons required to be excluded under Canadian Multilateral Instrument 61-101 Protection of Minority Security Holders in Special Transactions, all at a special meeting to consider the Transaction.

The completion of the Transaction will also be subject to applicable regulatory approvals and closing conditions customary in transactions of this nature. The Arrangement Agreement provides for customary deal-protection provisions, including a non-solicitation covenant on the part of Klondex and a right for Hecla to match any superior proposal. The Arrangement Agreement includes a termination fee of US$21 million, payable by Klondex or Hecla, under certain circumstances.

It is anticipated that the special meeting of Klondex shareholders to consider the Transaction will be held in June 2018. The Transaction is expected to close in the second quarter of 2018.

*The Materially Misleading and Incomplete Proxy*

25. Defendants have failed to provide stockholders with material information necessary for an informed vote on the Proposed Transaction. The Proxy, which recommends that the Company's stockholders vote in favor of the Proposed Transaction, misrepresents and/or omits material information in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Misleading Statements and Omissions Regarding Financial Projections*

26. The Proxy fails to provide material information concerning the Company's financial projections.

27. The Proxy discloses financial projections that Company management provided to the Board, Maxit, INFOR, and GPM during the process leading up to the execution of the Merger Agreement. These disclosed projections only include the cash flows of three mines: Fire Creek, Midas, and Hollister. These limited disclosures omit material information that misleads Klondex stockholders.

28. For example, in its summary of Maxit's *NAV Analysis*, the Proxy states that the analysis comprised "a discounted cash flow analysis for mining assets and corporate costs where financial forecasts could reasonably be estimated by management of Klondex," as well as the

carrying value assigned to those mining assets whose forecast could not be reasonably estimated, and the book value of cash and other current assets less the book value of debt and other current liabilities.

29. Of these items making up the *NAV Analysis*, only a portion of the first, the forecasts for cash flows of mining assets, are disclosed. The carrying value was not disclosed, nor corporate costs, nor the book value of current assets and liabilities.

30. Furthermore, the Proxy omits any forecasts for the future cash flows of Havilah, the spun-off Canadian mining operations of the Company, despite Maxit and the other financial advisors relying on "Klondex Management's own internal views" of the value of these operations.

31. Without these disclosures, the Company has cherry-picked the disclosed projections and materially misled Klondex stockholders, rendering the financial analyses of Maxit, INFOR, and GPM misleading, or at best, meaningless.

***Material Omissions Concerning the Financial Advisors' Financial Analyses***

32. The Proxy describes the fairness opinions provided by Maxit and GPM/INFOR, and the various valuation analyses they performed in support of these opinions. However, the description of the fairness opinions and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Klondex's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on the fairness opinions in determining how to cast their vote on the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to Klondex's stockholders.

33. The Proxy fails to disclose various material elements of the financial analyses performed by Maxit.

34. With respect to Maxit's *Comparable Trading with Control Premium Approach*, the Proxy fails to disclose: (i) the actual P/NAV and P/Cash Flow values determined for each of the comparable companies; (ii) the basis for Maxit's selection of the comparable companies.

35. With respect to Maxit's *Precedent Transaction Approach*, the Proxy fails to disclose the individual P/NAV and P/Cash Flow values for the transactions observed in the analysis, the dates of each transaction observed, and the basis for Maxit's selection for the selected transactions.

36. The failure to provide multiples like P/NAV and P/Cash Flow misleads stockholders as to the spread and usefulness of the selected multiples, allowing Maxit to select outlier values to skew the fairness analysis.

37. The Proxy also fails to disclose any material elements of the financial analyses jointly performed by GPM and INFOR. The summary is devoid of any inputs or results, despite disclosing that GMP and INFOR provided analyses underlying their fairness opinion, including a *Trading and Historical Share Price Analysis*, a *Consideration Analysis*, a *Precedent Transaction Analysis*, and a *Comparable Multiple Analysis*. The summary does not even include a range of fair values for either Klondex, Hecla, or Havilah. This is not a fair summary.

38. Without the material information described above, stockholders cannot make an informed decision whether or not to vote in favor of the Proposed Transaction, and have been harmed thereby. These omissions materially mislead Klondex stockholders as to the as to the accuracy and value of the analyses underlying the fairness opinions of Maxit, or GPM and INFOR, and the veracity of the fairness opinions themselves.

39. Defendants' failure to provide Klondex's stockholders with the foregoing material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder. The Individual Defendants were aware of their duty to disclose this information. The material information described above that was omitted from the Proxy

takes on actual significance in the minds of Klondex's stockholders in reaching their decision whether to vote in favor of the Proposed Transaction. Absent disclosure of this material information prior to the vote on the Proposed Transaction, Plaintiff and the other members of the Class will be unable to make an informed decision about whether to vote in favor of the Proposed Transaction and are thus threatened with irreparable harm for which damages are not an adequate remedy.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100 Promulgated Thereunder**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. Defendants have issued the Proxy with the intention of soliciting stockholder support for the Proposed Transaction.

42. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that a proxy statement shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

43. Specifically, the Proxy violates Section 14(a) and Rule 14a-9 because it is materially misleading in numerous respects and omits material facts, including those set forth above. Moreover, in the exercise of reasonable care, Defendants should have known that the Proxy is materially misleading and omitted material facts that are necessary to render the statements that are made non-misleading.

44. The Individual Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth.

45. The misrepresentations and omissions in the Proxy are material to Plaintiff and the Class, and Plaintiff and the Class will be deprived of their right to cast a fully informed vote on the Proposed Transaction.

46. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Klondex within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Klondex, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains

the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

51. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

54. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff demands judgment against defendants jointly and severally, as follows:

(A) declaring this action to be a class action and certifying Plaintiff as the Class representatives and his counsel as Class counsel;

(B) declaring that the Proxy is materially misleading and contains omissions of material fact in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder;

(C)     preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

(D)     to the extent the Proposed Transaction is consummated prior to the Court's entry of a final judgment, awarding Plaintiff and the members of the Class rescissory damages against the Individual Defendants, including, but not limited to, pre-judgment and post-judgment interest;

(E)     awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses;

(F)     awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, and any appropriate state law remedies; and

(G)     granting Plaintiff and the other members of the Class such further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 15, 2018     **ALDRICH LAW FIRM, LTD.**

　　　　　　　　　　　　　　　　　　__/s/ John P. Aldrich_____
　　　　　　　　　　　　　　　　　　John P. Aldrich, Esq.
　　　　　　　　　　　　　　　　　　1601 S. Rainbow Blvd., Suite 160
　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89146
　　　　　　　　　　　　　　　　　　702.853.5490 Telephone
　　　　　　　　　　　　　　　　　　702.227.1975 Fax

　　　　　　　　　　　　　　　　　　Donald J. Enright, Esq.
　　　　　　　　　　　　　　　　　　Elizabeth K. Tripodi, Esq.
　　　　　　　　　　　　　　　　　　**LEVI & KORSINSKY LLP**
　　　　　　　　　　　　　　　　　　1101 30th Street, N.W., Suite 115
　　　　　　　　　　　　　　　　　　Washington, DC 20007
　　　　　　　　　　　　　　　　　　(202) 524-4290

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

**CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS**

I, John D Lawson, declare as to the claims asserted under the federal securities laws, as follows:

1. I have reviewed the Complaint and authorized its filing.

2. I did not purchase the securities that are the subject of this Complaint at the direction of Plaintiffs' counsel or in order to participate in this litigation.

3. I am willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary.

4. I currently hold shares of Klondex Mines Ltd. My purchase history is provided in the attached Schedule A.

5. During the three years prior to the date of this Certification, I have not participated nor have I sought to participate, as a representative in any class action suit in the United States District Courts under the federal securities laws.

6. I have not received, been promised or offered, and will not accept, any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this class action, except for: (i) such damages or other relief as the Court may award to me as my pro rata share of any recovery or judgment; (ii) such reasonable fees, costs or other payments as the Court expressly approves to be paid to or on behalf of me; or (iii) reimbursement, paid by my attorneys, of actual or reasonable out-of-pocket expenditures incurred directly in connection with the prosecution of this action.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed this June 13, 2018, at Ferndale, WA.

Name: John D Lawson

Signed:

*[signature: J. Lawson]*

# SCHEDULE A

**John Lawson**
**Transactions in Klondex Mines Ltd. (KLNDF) Common Stock**

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) |
|---|---|---|---|
| 5/20/2011 | B | 700 | 2.8961 |
| 6/15/2011 | B | 3,000 | 2.4957 |
| 11/17/2011 | B | 1,000 | 2.3500 |
| 12/12/2011 | B | 300 | 2.1100 |
| 12/12/2011 | B | 700 | 2.1100 |
| 12/15/2011 | B | 1,300 | 2.0200 |
| 4/10/2013 | B | 500 | 1.1333 |
| 4/10/2013 | B | 300 | 1.1340 |
| 9/13/2013 | B | 1,100 | 1.3600 |
| 6/24/2014 | B | 18,250 | 1.9100 |
| 8/25/2015 | B | 75 | 2.5451 |
| 8/25/2015 | B | 800 | 2.5442 |
| 8/25/2015 | B | 300 | 2.5500 |

| Cost/Proceeds ($) |
|---:|
| 2,027.27 |
| 7,487.10 |
| 2,350.00 |
| 633.00 |
| 1,477.00 |
| 2,626.00 |
| 566.65 |
| 340.20 |
| 1,496.00 |
| 34,857.50 |
| 190.88 |
| 2,035.36 |
| 765.00 |